# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH WILLIAM HILL, III,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66529



FILED

FEB 12 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of one count of possession of more than one ounce of marijuana. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

Appellant Kenneth Hill argues that Nevada's diversion programs preclude his placement in an out-of-state treatment program and thus violate the Privileges and Immunities Clause, *see* U.S. Const. art. IV, § 2, cl. 1, and the dormant Commerce Clause, *see* U.S. Const. art. I, § 8, cl. 3. Hill applied for admission into an NRS 453.3363 diversion program, and the district court denied the application on the assumption that an out-of-state program would not be approved by the Division of Public and Behavioral Health. In response, Hill made only a bare statement that he intended to appeal the ruling; he provided no basis for the implicit objection. Issues not preserved below will generally not be considered on appeal. *See Davis v. State,* 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State,* 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004). While we may consider constitutional issues sua sponte, we "will not do so unless the record is developed sufficiently both to demonstrate that fundamental rights are, in fact, implicated and to

provide an adequate basis for review." *Wilkins v. State*, 96 Nev. 367, 372, 609 P.2d 309, 312 (1980). The record and arguments before this court do not provide an adequate basis for review.

Hill has not specified any provision of law that meets the threshhold requirement for a privileges-and-immunities claim: that there be discrimination against nonresidents. *See United Bldg. & Constr. Trades Council of Camden Cty. & Vicinity v. Mayor of Camden*, 465 U.S. 208, 218 (1984). Hill summarizes the district court's conclusion as a holding "that the facility be located in Nevada,"[1] then states simply that "[a] tedious review of the Nevada administrative code supports the court's finding" with a footnote to "[s]ee NAC 449 and NAC 458."[2] Assuming without deciding that a prohibition against out-of-state treatment programs is discriminatory against nonresidents—a proposition of which we are highly dubious in this penological setting—Hill nevertheless fails to identify any part of the diversion laws that support the district court's conclusion.

Hill has not identified any provision of the law that violates the dormant Commerce Clause. The dormant Commerce Clause serves to "prohibit[ ] States from advancing their own commercial interests by curtailing the movement of articles of commerce, either into or out of the

---

[1]While the State implicitly questions the validity of this conclusion when it argues that the statutes are not discriminatory either facially or in effect, Hill elected not to challenge the district court's conclusion in favor of presenting his current arguments against the statute's constitutionality. As it has not been presented to us, we do not reach the question of whether the district court's conclusion was correct.

[2]In his reply brief, Hill narrows the scope of regulations to NAC 458.103 through NAC 458.138.

state." *Douglas Disposal, Inc. v. Wee Haul, LLC*, 123 Nev. 552, 560-61, 170 P.3d 508, 514-15 (2007) (internal quotation marks omitted). Statutes that burden interstate commerce are divided into two categories: those that affirmatively discriminate either facially or in practical effect, and those that only incidentally burden interstate commerce. *Maine v. Taylor*, 477 U.S. 131, 138 (1986). Hill argues only the first category and fails to identify any portion of the relevant laws that would prevent out-of-state treatment programs from applying for or obtaining certification. He thus fails to identify any facial or practical discrimination.

For the foregoing reasons, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

---

[3]The parties filed a joint motion to remand this case to the district court for an evidentiary hearing in order to create a record as to the basis for the district court's ruling and to obtain testimony from the division responsible for certifying treatment programs as to what their policies and guidelines are regarding out-of-state programs. The motion was denied with a comment that "[t]o the extent the parties believe that a remand for such a hearing is the appropriate relief in this matter, they may so argue in their briefs." *Hill v. State*, Docket No. 66529 (Order Denying Motion, March 20, 2015). While the State noted that such a hearing would have been helpful, Hill did not, and neither party argued in their briefs for remand for an evidentiary hearing, nor did they request one in the district court.

cc: Hon. Nancy L. Porter, District Judge
Elko County Public Defender
Attorney General/Carson City
Elko County District Attorney
Elko County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A